# TAUAILAUTI FALETOGO, JR., Appellant,

v.

# AMERICAN SAMOA GOVERNMENT, Appellee.

High Court of American Samoa
Appellate Division

AP No. 17-00

February 20, 2002

Before: RICHMOND, Associate Justice, WARD,[*] Acting Associate Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Bentley C. Adams III, Asst. Public Defender
For Appellee, John W. Cassell, Assistant Attorney General

## OPINION AND ORDER

### Procedural History

Appellant was tried by jury in the Trial Division of the High Court from August 22 to 25, 2000, for the charge of possession of a controlled substance. The jury returned a guilty verdict. On October 13, 2000, appellant was sentenced to 18 years in prison. Appellant moved for a new trial on October 3, 2000, and this motion was denied on November 28, 2000. On December 1, 2000, appellant filed a notice of appeal. Oral argument was heard on December 5, 2001.

### Standard of Review

■ An appellate court will not set aside a trial court's findings of fact in the absence of clear error. A.S.C.A. § 46.2403(b); *Toleafoa v. Am. Samoa Gov't*, 26 A.S.R.2d 20, 21 (App. Div. 1994). The test is not whether facts in the record may support a decision for the appellant, but whether sufficient evidence supported the decisions in the trial court. *Toleafoa*, 26 A.S.R.2d at 21.

### Discussion

---

[*] Hon. John L. Ward II, District Court Judge, District Court of American Samoa, by designation of the Secretary of the Interior.

Appellant has raised five points of alleged error in his appeal. The first two involve hearsay statements. The third involves the court's decision not to allow expert testimony concerning variants of the contraband. The fourth involves the court not allowing discussion in closing arguments concerning the hearsay statement excluded in point two. The final point is a challenge as to whether sufficient evidence was produced to convict beyond a reasonable doubt.

Appellant's first two points of alleged error are challenges to Trial court decisions concerning hearsay statements. In the first, appellant argues that a police officer's testimony as to a specific statement made by appellant's wife concerning possession of contraband was allowed under the excited utterance exception in error. In the second, appellant argues that a police officer's testimony as to the statements made by appellant at the time of the arrest was not allowed under the excited utterance exception in error.

 To apply the excited utterance exception to a hearsay statement, the trial court must make a preliminary factual determination that the declarant was so excited or distraught at the moment of the statement that he or she did not reflect or have opportunity to reflect on what was said. *United States v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977). The trial court is vested with "reasonable discretion" in determining whether statements come within the excited utterance exception. *People v. Farmer*, 765 P.2d 940, 950 (Cal. 1989); *People v. Provencio*, 258 Cal. Rptr. 330, 336 (Cal. App. 1989) (the trial court's ruling on an excited utterance exception will not be disturbed on appeal unless the facts on which it relied are not supported by a preponderance of the evidence). Of course, the facts upon which the trial court relies must support its acceptance or denial of the exception, based upon the exception's requirements. *Lovett v. State*, 491 So. 2d 1034, 1037 (Ala. 1986) (for a statement made at the scene of the crime to be admissible under excited utterance, it must relate to a "startling event," "be instinctive and spontaneous, and not be deliberate or retrospective").

█ Regarding appellant's first point of contention, as discussed above, the standard of review requires that the preponderance of the evidence support the facts upon which the trial court relied. Showing the facts could plausibly have supported another finding will not overturn the trial court's previous decision. The trial court allowed the testimony as to the hearsay statement of appellant's wife upon the evidence of the surrounding circumstances—the wife's frightened demeanor, a recently occurred violent confrontation, an excited call to the police. The preponderance of the evidence supports these facts and the trial court was within its discretion to rely upon them in applying the excited utterance exception.

■ Regarding appellant's second point of contention, the trial court denied application of the exception upon two factors: (1) appellant's statement to the police came several minutes after he knew he was "in trouble" while the police were searching the premises, giving him time and motive to fabricate, and (2) appellant's statement was in a sense a response to questioning, and not entirely "spontaneous" in the sense of being purely self-generated.

As to the first factor, the trial court did not act outside of its discretion in holding that the notice appellant was on from the moment the police arrived provided time to reflect and fabricate. Appellant can plausibly argue that a "startling occurrence" was continuing throughout the police visit, but the trial court held otherwise, and the evidence does not clearly outweigh the trial court's finding. In fact, the preponderance of the evidence supports the trial court's theory that appellant had sufficient time and motive to fabricate his response. Certainly, the evidence supports this theory and this likelihood removes the inherent reliability of the statement, which is necessary for the excited utterance exception to apply.

■ As to the second factor, the fact that a statement was made in response to questioning suggests deliberation, though it does not preclude applying the excited utterance exception. *Farmer*, 765 P.2d at 950. Appellant's statement was self-serving, given the circumstances under which it was made. However, the speaker's mental state, not the nature of the statement, is the crucial factor in applying the exception. *Id.*; *People v. Hughey*, 240 Cal. Rptr. 269, 272 (Cal. App. 1987) ("spontaneous" does not mean the statement was made at the time of the incident, merely that it was made in circumstances such that it was made without reflection).

While appellant's argument that his response to being confronted with the bag was made without reflection—and sprung from his startled mental state—is certainly plausible, the preponderance of the evidence supports the facts on which the trial court reasonably relied. Appellant's statement was made in response to questioning (confronting him with the bag), evidence of reflection. The trial court was within its discretion to base its decision on this evidence.

Appellant's third point arguing alleged error concerns the trial court's refusal to allow expert testimony as to the different species of marijuana, and that the police tests could not distinguish one species from another. Appellant argues that this information as relevant as the statute under which he was charged mentions only one species of marijuana— Cannabis Sativa L. A.S.C.A. § 13.1001(h). Accordingly, appellant urges that the prosecutor's failure to establish which species of marijuana

25

was found in his possession should cause failure of the government's case, and that testimony establishing this position should have been allowed.

■ Appellant's argument has been raised and rejected in the past. The Trial Division ruled on the issue of marijuana "species" in *Am. Samoa Gov't v. Tavili (aka) Stucka*, 1 A.S.R.2d 72 (Trial Div. 1983). As that court made clear, "the United States Supreme Court has flatly held that there is only one species of Marijuana" for the purposes of possession statutes. *Id.* at 72 (citing *Leary v. United States*, 395 U.S. 689 (1957)). "The term Cannabis Sativa L. must be construed as a general term which includes all plants popularly known as Marijuana that contain the toxic agent THC." *Id.* at 72; *see also United States v. Walton*, 514 F.2d 201, 203 (D.C. Cir. 1975); *United States v. Honneus*, 508 F.2d 566, 575 (1st Cir. 1974). The *Tavili* court correctly pointed out that the legislated intent of A.S.C.A. § 13.1001 was to criminalize possession of any type of marijuana. Accordingly, the testimony of appellant's witness was irrelevant and properly excluded.

Appellant's fourth point of alleged error is tied closely to the second. Appellant argues that the trial court erred when it did not allow discussion of appellant's hearsay statement during the closing argument. The discussion and authorities discussed above address the statement itself—the trial court properly prevented the hearsay statement from coming into evidence. Accordingly, as the statement was not in evidence, appellant did not have the right to discuss the statement in argument to the jury.

■ Appellant was not prevented from arguing the absence of any confession or admission, and was certainly not prevented from challenging the sufficiency of the government's proof. However, in arguing whether there was ample proof of a connection between appellant and the contraband, appellant was certainly not free to discuss facts not properly introduced into evidence. To allow such argument would flaunt the very purpose of the rules of evidence.

Appellant's fifth, and final argument of reversible error is the catchall assertion that insufficient evidence was presented to prove guilt beyond a reasonable doubt. The most telling evidence indicates otherwise. Appellant was found alone at home. Marijuana was found next to where he had been sitting. More marijuana was found in a bag in the yard. Appellant's driver's license was found in this bag.

■ Beyond a reasonable doubt should not be treated as an impossible hurdle—it is not "beyond all doubt." *See generally Am. Samoa Gov't v. Sale Uo*, 4 A.S.R.2d 14 (Trial Div. 1987) (burden of proof beyond a

reasonable doubt in criminal cases does not prohibit trier of fact from drawing inferences from the evidence). If, upon review of the facts, it is determined that a rational trier of fact could find guild beyond *reasonable* doubt, the verdict must stand. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Contraband was found both where appellant had been in the living room and in appellant's yard—with his driver's license in tow. A rational review of these facts could certainly lead to a finding of guilt without reasonable doubt. The jury as the finder of fact did not err.

## Conclusion

The trial court determined that the appellant's wife's statement to the police met the requirements of the excited utterance exception, and that the defendant's statement did not. It follows that the trial court did not err in disallowing appellant's discussion of the excluded statement during closing argument. The trial court also determined that the appellant's expert witness testimony was irrelevant according to application of the relevant law. These decisions were within the trial court's discretion, and sufficient evidence supported these findings. Finally, the jury had sufficient evidence to rationally determine there was no reasonable doubt as to the essential elements of the crime. Accordingly, appellant's conviction is affirmed.

It is so ordered.